A09A1795. D'BABS CONSTRUCTION, INC. v. CASCADE FENCE COMPANY, INC.
(684 SE2d 384)

JOHNSON, Presiding Judge.

D'Babs Construction, Inc. sued Cascade Fence Company, Inc. for money allegedly owed under a contract. On August 12, 2008, the trial court appointed an auditor pursuant to OCGA § 9-7-1 et seq. and scheduled a hearing before the auditor on September 16, 2008 at 9:00 a.m. Notice of the hearing was sent to counsel for both parties. However, it is undisputed that D'Babs Construction failed to appear at the hearing despite the fact that no conflict letter was ever submitted.

The auditor and counsel for Cascade Fence Company attempted to contact D'Babs Construction's attorney, and even delayed the hearing approximately two hours, at which point Cascade Fence Company's attorney moved to strike D'Babs Construction's pleadings and enter default judgment on its counterclaim. The motion was taken under advisement and Cascade Fence Company presented its case. On September 19, 2008, the auditor issued its report to the trial court. The report recommended that D'Babs Construction be found in default and that Cascade Fence Company be awarded damages. The report noted:

> The parties are hereby notified that pursuant to OCGA § 9-[7]-14 either party may file exceptions to this Report Of The Auditor within 20 days following the filing hereof. Exceptions shall be classified separately as "exceptions of law" and "exceptions of fact."

D'Babs Construction filed its exceptions to the auditor's report on October 6, 2008. However, the trial court issued an order finding

that D'Babs Construction "by its willful refusal to attend and participate in the Court-ordered Hearing, has waived its right to file Exceptions to the resulting Report of the Auditor." The court adopted the auditor's report as the order of the court. D'Babs Construction appeals from this order. We are constrained to reverse the trial court's order.

OCGA § 9-7-14 (a) provides that either party may file exceptions to the auditor's report to be classified separately as "exceptions of law" and "exceptions of fact" within 20 days after the report is filed and notice is given to the parties. This statute does not mention or address a situation where one of the parties files exceptions to a proceeding in which he failed to appear and participate. Nevertheless, the plain language of the statute gives either party the right to file exceptions to the report without limitation as to the party's presence at the hearing. Thus, the trial court erred in finding that D'Babs Construction, by failing to appear at the hearing, waived its right to file exceptions to the auditor's report. This opinion does not address the merits of any exceptions that D'Babs Construction may file. Nor does it address whether D'Babs Construction is entitled to a jury trial on its exceptions of fact since the trial court has not yet ruled on the exceptions of law, which may very well moot any factual exception.

*Judgment reversed. Ellington and Mikell, JJ., concur.*

DECIDED SEPTEMBER 25, 2009.

*Karl J. Howe, Jr., Scott M. Stevens*, for appellant.
*Brian W. Pettersson*, for appellee.